UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
SEAFRIGO USA INC., SEAFRIGO LOGISTIQUE SARL :    Civil Action No.
and ENTREPOTS AND TRANSPORTS BARBE SA    :    **20-CV-10179**
d/b/a SEAFRIGO,    :
   :
                                Plaintiffs,    :
   :
         – against –    :    **COMPLAINT**
   :
MSC MEDITERRANEAN SHIPPING COMPANY S.A.,    :
and MEDITERRANEAN SHIPPING    :
COMPANY (USA) INC.,    :
   :
                                Defendants.    :
   :
------------------------------------------------------------------------ X

Seafrigo USA Inc. and Seafrigo Logistique SARL and Entrepots et Transports Barbe SA d/b/a Seafrigo (collectively "Seafrigo"), by and through their undersigned counsel, as and for their Complaint against Defendants MSC Mediterranean Shipping Company S.A. and Mediterranean Shipping Company (USA) Inc. (collectively "MSC") allege as follows:

**PARTIES**

1.       Plaintiff Seafrigo USA, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 735 Dowd Avenue, Elizabeth, New Jersey 07201.

2.       Plaintiff Seafrigo Logistique SARL is a corporation organized and existing under the laws of the French Republic with its principal place of business located at 58 rue du Général Chanzy, 76600 Le Havre, France.

3.       Plaintiff Entrepots et Transports Barbe SA, doing business as "Seafrigo," is a corporation organized and existing under the laws of the French Republic with its principal place of business located at 58 rue du Général Chanzy, 76600 Le Havre, France.

4.       Plaintiffs Seafrigo USA, Inc., Seafrigo Logistique SARL, and Entrepots et Transports Barbe SA are affiliated companies and are part of the "Seafrigo Group." The Seafrigo Group provides international transportation logistics services for the food industry.

5.       Defendant MCS Mediterranean Shipping Company S.A. was and is a foreign corporation or other business entity organized and existing under the laws of Switzerland, with an office and place of business located at 420 Fifth Avenue, New York, New York, 10018, in the care of Mediterranean Shipping Company (USA) Inc.

6.       Defendant Mediterranean Shipping Company (USA) Inc. was and is a domestic business corporation organized and existing under the laws of the State of New York, with an office and principal place of business located at 420 Fifth Avenue, New York, New York, 10018.

7.       Defendant Mediterranean Shipping Company (USA) Inc. is the port agent for Defendant MSC Mediterranean Shipping Company S.A. for cargo discharged in the Port of New York.

8.       Defendants were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the motor vessel SM TACOMA as common carriers of merchandise by water for hire.

### JURISDICTION AND VENUE

9.       This controversy arises from the damage to or loss of goods carried by sea and comes within the Court's original admiralty and maritime jurisdiction under 28 U.S.C. § 1333 (2018) and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

10.      To the extent that Plaintiffs assert any claim not within this Court's original jurisdiction, Plaintiffs invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (2018).

11. Venue is proper in this Court because a substantial part of the events giving rise to the dispute herein occurred in this County, including, but not limited to, the carriage into and discharge of the subject cargo.

12. This matter is already the subject of a writ of summons before the Commercial Court of Le Havre (France) delivered earlier on December 3, 2020, by the Plaintiffs against Defendant MSC Mediterranean Shipping Company S.A. ("the French Action"). This French Action was introduced following an action filed on November 30, 2020, by Russel McCalls Inc., Axis Speciality Europe SE, the Syndicate of Lloyd's of London n°1414 ASCOT, the Syndicate of Lloyd's of London n°2003 AXA XL, the Syndicate of Lloyd's of London n°1274 ANTARES, the Syndicate of Lloyd's of London n°2987 & 2988 BRIT against Seafrigo Logistique SARL and Seafrigo USA Inc. similarly before the Commercial Court of Le Havre (France).

13. Plaintiffs assert that, based on French law and court precedents, French courts have jurisdiction to hear the French Action. However, considering that the Defendants might intend to object to the jurisdiction of proceedings in France and request the dismissal of the French Action, this Complaint is being filed with this Court as a protective suit under the applicable statute of limitations and/or laches in order to preserve Plaintiffs' rights to pursue their claim against the Defendants in New York before being possibly time barred, in the unlikely event the French Action is dismissed for lack of jurisdiction or otherwise.

## STATEMENT OF THE CLAIM

14. On or about November 25, 2019, Defendants accepted shipment of 2,744 cartons of various cheese products stowed within Container No. GESU9357098, from Plaintiffs at the Port of Le Havre, France, in good order and condition, for loading on board the motor vessel SM TACOMA, and agreed to transport the goods to the Port of New York there to be delivered

3

in the same good order and condition as when received, all in consideration of charges paid or to be paid and in accordance with the terms of a contract of carriage evidenced by Defendants' bill of lading, issued by MSC Mediterranean Shipping Company S.A. and signed by Mediterranean Shipping Company (USA) Inc., which bill of lading was assigned number MEDUFR475361.

15. Thereafter, the said vessel arrived at the port of destination and Defendants attempted delivery of the shipment on December 3, 2019, but not in like good order and condition as when received and shipped by Defendants, but on the contrary were unfit for human consumption and/or otherwise grievously and seriously injured and damaged, and/or impaired in value by reason of temperature abuse, all in breach of said contract of carriage and the Defendants' duties and obligations as common carriers of merchandise by water for hire.

16. Plaintiffs and all parties to said contract of carriage for whom Plaintiffs may be responsible have performed all terms and conditions of said contract of carriage on their part required to be performed.

17. Plaintiffs bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

18. By reason of the foregoing, Plaintiffs sustained damages in a sum not less than $68,702.74 as nearly as can be estimated. Said sum has not been paid although duly demanded and remains owing to Plaintiffs from Defendants.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered as follows:

(i) in favor of Plaintiffs and against Defendants for the amount of Plaintiffs' damages, together with interest;

(ii) awarding to Plaintiffs their costs and fees arising from this action; and

    (iii) for such other and further relief this Court may deem just, equitable, and proper.


Dated: December 3, 2020
   New York, New York

                Respectfully submitted,

            NICOLETTI HORNIG & SWEENEY
            *Attorneys for Plaintiffs Seafrigo USA, Inc. Seafrigo Logistique SARL, and Entrepots et Transports Barbe SA d/b/a Seafrigo*


          By:   s/William M. Fennell
            William M. Fennell, Esq.
            Carole A.R. Rouffet, Esq.
            Wall Street Plaza
            88 Pine Street, Seventh Floor
            New York, New York 10005
            Tel: 212-220-3830
            E-mail: General@NicolettiHornig.com
            Reference No.: 00001443(CAR/WMF)