```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
─────────────────────────────────────

SEAFRIGO USA INC., SEAFRIGO
LOGISTIQUE SARL, and ENTREPOTS AND
TRANSPORTS BARBE SA d/b/a SEAFRIGO,         20 Civ. 10179 (JGK)

                       Plaintiffs,        MEMORANDUM OPINION AND
                                        ORDER

      - against -

MSC MEDITERRANEAN SHIPPING COMPANY
S.A., and MEDITERRANEAN SHIPPING
COMPANY (USA) INC.,

                       Defendants.

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The plaintiffs, Seafrigo USA Inc., Seafrigo Logistique SARL, and Entrepots and Transports Barbe SA (collectively, "Seafrigo"), bring this action against the defendants, MSC Mediterranean Shipping Company S.A. and Mediterranean Shipping Company (USA) Inc. (collectively, "MSC"), for breach of contract and negligence in connection with the international transportation of cheese products.

    The defendants move for a declaration that the plaintiffs' claims in this case will proceed in parallel to the international litigation commenced by the plaintiffs against Defendant MSC Mediterranean Shipping Company S.A. in the Commercial Court of Le Havre in France (the "French court"). The action pending in France is based on the same facts and involves the same principal questions as the present action.

1

I.

The relevant facts, as alleged in the Complaint and discussed in the memoranda submitted by the parties in connection with the current motion, are as follows. Seafrigo is in the business of providing international transportation logistics services. ECF No. 1 ¶ 4. MSC serves as a common carrier of merchandise by water for hire. ECF No. 1 ¶ 8. In November 2019, Seafrigo, acting as the freight broker for a third-party company (the "cargo interests"), arranged for the shipment of 2,744 packages of "temperature-sensitive cheese products" from Le Havre to New York and contracted the ocean carriage to MSC. ECF No. 16, at 5; see also ECF No. 1 ¶ 14. The agreement was evidenced by a bill of lading, issued and signed by MSC, that contained a forum selection clause in favor of the Southern District of New York. ECF No. 13-1 § 10.3; ECF No. 1 ¶ 14.

Seafrigo alleges that, in December 2019, when MSC arrived at the Port of New York with its cargo, the cheese products were "unfit for human consumption and/or otherwise grievously and seriously injured and damaged, and/or impaired in value by reason of temperature abuse" resulting in approximately $68,702.74 in damages. ECF No. 1 ¶¶ 15, 18. This, Seafrigo argues, constituted a "breach of [MSC's] contract of carriage and the [d]efendants' duties and obligations as common carriers

of merchandise by water for hire." Id. ¶ 15. MSC disputes these allegations and denies any and all wrongdoing. ECF No. 11.

On November 30, 2020, the cargo interests brought an action against Seafrigo in the French court. ECF No. 1 ¶ 12. Seafrigo then filed an impleader action against MSC in the same court, alleging the same claims as contained in the Complaint before this Court. Id.; ECF No. 14, at 1. Seafrigo filed suit against MSC in this Court in December 2020.

The parties are currently litigating their dispute both in this Court and in the French court. MSC denies that the French court has jurisdiction over this dispute and asserts that venue is proper, instead, in this District. ECF No. 14, at 2-3. The French court is expected to rule on its jurisdiction by November 2021. ECF No. 16, at 5.

## II.

The defendants now move for a declaration that the plaintiffs' claims will proceed in parallel to the French litigation. It is well established that district courts have "the inherent power to dismiss or stay an action pending the resolution of a related foreign proceeding." Aerotel, Ltd. v. IDT Corp., 486 F. Supp. 2d 277, 283 (S.D.N.Y. 2007); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).[1] However, this

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

power is not "boundless," Aerotel, 486 F. Supp. 2d at 283, but instead is informed by "district courts' 'virtually unflagging obligation . . . to exercise the jurisdiction given them,'" Leopard Marine & Trading, Ltd. v. Easy St. Ltd., 896 F.3d 174, 190 (2d Cir. 2018) (quoting Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc., 466 F.3d 88, 92 (2d Cir. 2006)). Given this obligation, the United States Court of Appeals for the Second Circuit has held that "parallel proceedings in the same in personam claim should ordinarily be allowed to proceed simultaneously, at least until a judgment is reached in one which can be pled as res judicata in the other." Leopard Marine, 896 F.3d at 190. A court must find that "exceptional circumstances" exist before surrendering its jurisdiction. See id.

In this case, the defendants' motion for a declaration that the plaintiffs' claims will proceed in parallel to the French litigation is premature. No motion to stay is before this Court. It is therefore unnecessary to decide whether a stay is proper and, as a corollary, whether the claims should proceed in parallel as a matter of law.

In addition to being premature, this motion is also unnecessary. This lawsuit will proceed in this Court with or without the requested declaration unless one of the parties successfully moves in either action to stay the proceedings.

4

III.

For the foregoing reasons, the defendants' motion for a declaration that the plaintiffs' claims will proceed in parallel to the international litigation is **denied without prejudice**. The Clerk is directed to close Docket No. 12.

SO ORDERED.

Dated:  New York, New York
        September 10, 2021

_____
John G. Koeltl
United States District Judge

5